IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE APPLICATION FOR
DISCOVERY PURSUANT TO 28
U.S.C. § 1782, *filed by*

WATER STREET CAPITAL, INC.,

    Applicant.

CIVIL ACTION NO.
1:25-mi-00043-TWT-RDC

## **ORDER**

Water Street Capital, Inc. ("Water Street") has applied *ex parte* for this Court's assistance in obtaining discovery for use in a contemplated foreign proceeding, pursuant to 28 U.S.C. § 1782. (Doc. 1). Specifically, Water Street seeks leave to serve subpoenas on two companies and three individuals: Hanwha Q Cells USA, Inc.; Hanwha Q Cells Georgia, Inc.; Bongsoo Kim; Eun Sik Kim; and Hyunkwang Cho (collectively, the "Discovery Targets"). The application is **GRANTED**.

Water Street is a minority investor in REC Silicon ASA ("REC Silicon"), a public company listed on the Oslo Stock Exchange in Norway, and it suspects that Hanwha Group, a South Korean conglomerate, has engaged in a fraudulent scheme culminating in a "low-ball tender offer" to REC Silicon's shareholders. And it believes the Discovery Targets may have information relevant to corresponding legal claims.

Under § 1782, a district court may order discovery from a person or entity

residing in the United States for use in a foreign proceeding. 28 U.S.C. § 1782(a).[1]

Although the court's order may prescribe the procedure for taking discovery, if the order

does not do so, the discovery is produced "in accordance with the Federal Rules of Civil

Procedure." *Id.*

There are two sets of criteria, one statutory and one discretionary, that must be

examined before a district court can grant an application under § 1782. First, the

statutory elements—these are required:

(1) the application must be made "by a foreign or international tribunal," or by "any interested person";

(2) the application must seek appropriate evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing";

(3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and

(4) the person or entity from whom discovery is sought must reside or be found in the district of the district court ruling on the application.

*In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007). If these elements are met, then

the district court has authority to assist. *Id.*

---

[1] Section 1782(a) provides, in relevant part:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

Even if the district court has authority to grant an application, however, it is not required to do so. The matter is discretionary. *Id.* at 1332. To guide the exercise of that discretion, the Supreme Court has set out the following four factors to consider:

(1) whether the discovery target is a participant in the foreign proceeding;

(2) whether the foreign tribunal would be receptive to U.S. federal-court assistance;

(3) whether the application is an attempt to circumvent foreign proof-gathering restrictions or other policies; and

(4) whether the discovery request is otherwise unduly intrusive or burdensome.

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–66 (2004).

Having reviewed Water Street's application and supporting materials, including the declarations of: (i) Paul Leming, principal at Water Street; (ii) Morten Kinander, a professor of law in Norway; and (iii) Reed Brodsky, counsel for Water Street, the undersigned finds that Water Street has made a *prima facie* showing warranting the Court's intervention.

To begin with, Water Street has met the statutory requirements for assistance. As the prospective plaintiff in a contemplated lawsuit in Norway, Water Street qualifies as an "interested person." Moreover, the company seeks appropriate evidence, including testimony and documents. Although the Norwegian litigation has not yet begun, the undersigned is satisfied that such proceeding is "within reasonable contemplation." *Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465, 470 (11th Cir. 2020) (quoting *In re Clerici*, 481 F.3d at 1333). For instance, Leming states unequivocally in

3

his declaration that "Water Street intends to commence civil proceedings in Norwegian Court." (Doc. 2 ¶ 51). As for Kinander, who was retained by Water Street to opine on the viability of its legal claims, he states in his declaration that Water Street "has plausible causes of action" under Norwegian law. (Doc. 3 ¶ 3). Meanwhile, Brodsky's declaration shows that Water Street has already sought and obtained a related § 1782 discovery order from the U.S. District Court for the Eastern District of Washington based on the same contemplated lawsuit. (Doc. 4 ¶ 2 & Exhs. 11–12). It reasonably appears, then, that the Norwegian lawsuit is forthcoming. *See Consorcio Ecuatoriano de Telecom. S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270–71 (11th Cir. 2014) (a declaration by the applicant's legal officer about prospective litigation and the basis of liability was deemed a "reliable indication" of future proceedings). Finally, Water Street has presented evidence that the Discovery Targets reside and/or can be found in this District. (Doc. 4, Exhs. 6–10).

The undersigned likewise finds that Water Street has satisfied the discretionary *Intel* factors. To start, the Discovery Targets will not be direct participants in the contemplated Norwegian lawsuit. Next, Kinander states that Norwegian courts are generally receptive to evidence obtained abroad. (Doc. 3 ¶ 64, 78–79). Meanwhile, there is no sign that Water Street is attempting to circumvent foreign proof-gathering policies. Indeed, as Kinander has explained, "Norway does not have United States-style pre-trial discovery," and furthermore, "Water Street would be unable to obtain equivalent evidence through Norwegian civil discovery procedures." (Doc. 3 ¶¶ 50, 60, 83). As for

4

the final discretionary factor, the undersigned has reviewed the proposed subpoenas (for deposition testimony and documents), and finds that they are reasonably well tailored to Water Street's potential claims and would not be "unduly intrusive or burdensome."

For these reasons, it is hereby **ORDERED** that:

1. The *ex parte* § 1782 application, (Doc. 1), is **GRANTED**. Accordingly, Water Street's request to conduct discovery, including for leave to serve subpoenas in substantially similar form as those attached as Exhibits 1–5 to the Declaration of Reed Brodsky, (Docs. 4-1, 4-2, 4-3, 4-4, 4-5), is **GRANTED**.

2. Water Street's motions for leave to file excess pages and expedite consideration, (Docs. 5–6), are **GRANTED**.

3. Nothing in this Order shall be construed to prevent or otherwise foreclose Water Street from seeking modifications of this Order or leave of Court to serve any additional subpoenas on a person or entity.

IT IS SO **ORDERED** on this 2nd day of July 2025.

_____
REGINA D. CANNON
United States Magistrate Judge