**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE APPLICATION FOR DISCOVERY
PURSUANT TO 28 U.S.C. § 1782, *filed by*

WATER STREET CAPITAL, INC.,

      Applicant.

CIVIL ACTION NO.
1:25-cv-04695-TWT-RDC

**RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION TO
WATER STREET CAPITAL, INC.'S CROSS-MOTION TO COMPEL
DISCOVERY**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...........................................................................1

PROCEDURAL BACKGROUND.......................................................................2

ARGUMENT ....................................................................................................4

I.    THE CROSS-MOTION TO COMPEL SHOULD BE DENIED BECAUSE, AS AGREED BETWEEN THE PARTIES AND ORDERED BY THE COURT, ENFORCEMENT OF THE SUBPOENAS WAS PUT IN ABEYANCE AND THE PROCEEDING WAS TEMPORARILY STAYED......................................4

II.   THE CROSS-MOTION TO COMPEL SHOULD BE DENIED BECAUSE WSC FAILED TO COMPLY WITH FED. R. CIV. P. 37 AND LOCAL RULE 37.1...........................................................................5

III.  THE CROSS-MOTION TO COMPEL SHOULD BE DENIED BECAUSE WSC HAS NOT SHOWED ANY URGENT NEED .................9

CONCLUSION...............................................................................................11

# TABLE OF AUTHORITIES

**Page**

## Cases

*Avera v. United Airlines, Inc.*,
    465 F. App'x 855 (11th Cir. 2012) ........................................................5

*Graco Children's Prods. Inc. v. Kids II, Inc.*,
    2015 WL 11255027 (N.D. Ga. Feb. 13, 2015) .......................................6

*Hepstall v. Humana Health Plan, Inc*.,
    2018 WL 6588552 (S.D. Ala. Dec. 6, 2018) ..........................................8

*Holland v. Bynum & Sons Plumbing, Inc. a Georgia Profit Corp.,*
    2012 WL 12835871 (N.D. Ga. Oct. 30, 2012) .......................................8

*Maden v. Cleland*,
    105 F.R.D. 520 (N.D. Ga. 1985) ...........................................................7

*Moseley v. Sessions*,
    2017 WL 1682537 (S.D. Ga. May 1, 2017) ...........................................5

*MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*,
    2018 WL 4963245 (S.D. Fla. Sept. 28, 2018) .......................................5

*In re Pidwell*,
    2022 WL 192987 (S.D.N.Y. Jan. 21, 2022) .........................................11

*In Re Pons*,
    2020 WL 5355967 (S.D. Fla. Sept. 7, 2020) .............................4, 5, 10

*Rolex Watch U.S.A., Inc. v. Capetown Diamond Corp.*,
    2009 WL 10669248 (N.D. Ga. Mar. 30, 2009) ...................................6, 8

## Rules/ Statutes

Federal Rule of Civil Procedure 37 .................................................*passim*

ii

## <u>Other Authorities</u>

Local Rule 37.1 .......................................................................................*passim*

Respondents Bongsoo Kim, Eun Sik Kim, Hyunkwang Cho (together, "Individual Respondents"), Hanwha Q Cells USA, Inc. ("Q Cells USA") and Hanwha Q Cells Georgia, Inc. ("Q Cells Georgia") (collectively, "Respondents") respectfully submit this Memorandum of Law in opposition to Water Street Capital, Inc.'s ("WSC") Cross-Motion to Compel Discovery (ECF. No. 28) ("Cross-Motion to Compel").[1]

## **PRELIMINARY STATEMENT**

WSC's Cross-Motion to Compel is yet another attempt by WSC to misuse U.S. discovery tools by ignoring the law, misleading the Court, and further wasting the parties and Court's resources in the United States for a dispute that, apparently, belongs, at best, in Norway. WSC's premature and improper Cross-Motion to Compel should be denied for at least three reasons. *First*, WSC's Cross-Motion to Compel ignores the joint stipulation parties entered into (ECF No. 15) and violates the Court's July 15, 2025 Order (ECF No. 16) temporarily staying the proceeding and putting subpoena compliance in abeyance while the undersigned counsel agreed to accept service on behalf of all Respondents despite only one respondent having been served and to file any motion to quash or vacate by July 31, 2025. *Second*, the Cross-Motion to Compel violates Federal Rule of Civil Procedure 37 and Local Rule

---

[1]  Unless otherwise defined herein, capitalized terms shall have the same definition as those in Respondents' opening brief (ECF No. 24-1). Additionally, unless otherwise specified, page numbers refer to the ECF page numbers.

37-1, because WSC has failed to meet and confer with Respondents, and did not try in good faith to meet and confer with Respondents, and therefore did not (and could not) submit the certification the Rules require. *Third*, even setting aside WSC's decision to ignore the Federal and Local Rules and this Court's July 15, 2025 Order, WSC again manufactures urgency where there is none, requesting the Court order Respondents to produce documents within 48 hours of this Court's eventual order on the Respondents' Motion to Vacate and Quash ("Motion") (ECF No. 24). For these reasons, the Court should deny WSC's Cross-Motion to Compel.

## PROCEDURAL BACKGROUND

As described in Respondents' Motion to Vacate and Quash, on June 30, WSC filed its *ex parte* Application and memorandum of law in support thereof (ECF No. 1) coupled with a Motion for Expedited Consideration (ECF No. 6) tied directly to the July 8, 2025 tender offer date and claiming that discovery "must be collected immediately" for WSC to use any discovery in proceeding to enjoin. Mot. for Expedited Consideration at 2; Mot. at 19. The Court thereafter issued an Order granting the *ex parte* Application on July 2, 2025 (ECF No. 13). On July 7, 2025, Quinn Emanuel contacted counsel for WSC to schedule a meet and confer relating to the subpoenas. 2d Bento Decl. (ECF No. 29-2) ¶ 3. The meet and confer took place the following day, July 8, 2025. *Id.* ¶ 5. That same day, July 8, 2025, WSC did not file any action to enjoin the tender offer. At this time, only Q Cells USA had

2

been officially served. *Id.* ¶ 4. Quinn Emanuel requested a 45-day extension to move to quash or otherwise respond to the subpoena served on Q Cells USA in exchange for accepting service on behalf of all other Respondents. *Id.* ¶ 5. During this meet and confer, counsel to WSC stated that it would be "nice" to discuss discovery earlier but Quinn Emanuel said that it was still getting up to speed and that WSC should assume that Respondents would be moving to quash the subpoenas in their entirety. *Id.* ¶ 6.

After back-and-forth correspondence regarding a proposed stipulation and briefing schedule, the parties ultimately agreed to and filed the Stipulation and (Proposed) Order Regarding Holding Application in Abeyance, filed on July 14, 2025 (ECF No. 15), which the Court granted on July 15, 2025 ("July 15, 2025 Order") (ECF No. 16). Pursuant to the Court's July 15, 2025 Order, Respondents would file their motion to quash by July 31, 2025, WSC would file its response by August 15, 2025, and Respondents would file a reply by August 22, 2025. July 15, 2025 Order at 1-2. In addition, the Court's July 15, 2025 Order stated: "Meanwhile, this proceeding is temporarily **STAYED**, and enforcement of the subpoenas is held in **ABEYANCE** pending the Court's ruling on Respondents' motions or further instruction." *Id.* at 2.

Respondents filed their Motion to Vacate and Quash on July 31, 2025 (ECF No. 24), WSC filed its response on August 15, 2025 (ECF No. 27), including this

3

Cross-Motion to Compel (ECF No. 28), and Respondents' filed their reply on August 22, 2025 (ECF No. 29).

**ARGUMENT**

**I.    THE CROSS-MOTION TO COMPEL SHOULD BE DENIED BECAUSE, AS AGREED BETWEEN THE PARTIES AND ORDERED BY THE COURT, ENFORCEMENT OF THE SUBPOENAS WAS PUT IN ABEYANCE AND THE PROCEEDING WAS TEMPORARILY STAYED**

This Court's July 15, 2025 Order (which both parties stipulated to) temporarily stayed this Proceeding and also put the enforcement of the Subpoenas in abeyance "pending the Court's ruling on Respondents' motions or further instruction." July 15, 2025 Order at 2. WSC's Cross-Motion to Compel is contrary to this Order as Respondents' compliance with the Subpoenas has been held in abeyance and the Court has not issued any further instructions. At a minimum, WSC's Cross-Motion to Compel is premature—especially as WSC has not attempted in good faith to meet and confer with Respondents—and should be denied for this reason.

WSC relies on *In Re Pons*, 2020 WL 5355967 (S.D. Fla. Sept. 7, 2020), which involved materially different procedural circumstances (*see* ECF No. 28-1 at 42). In *In Re Pons*, the court, having previously denied the respondent's motion to stay discovery while an appeal was pending (and a separate motion to stay was pending before the circuit court), granted the applicant's motion to compel over 7 months

4

after the court had denied the respondent's motion to vacate its order granting the Section 1782 discovery, and the court found that the respondent had waived its objections. 2020 WL 5355967, at *11-12. Here, in contrast, the motion to vacate is still pending and per the Court's July 15, 2025 Order, compliance is put in abeyance. ECF No. 16. This is simply not a case where "respondents refuse[d] to cooperate" or otherwise failed to comply with the subpoenas. *In Re Pons*, 2020 WL 5355967, at *11. This Court should deny the Cross-Motion to Compel. *See, e.g.*, *Moseley v. Sessions*, 2017 WL 1682537, at *3 (S.D. Ga. May 1, 2017) (dismissing motion to compel "given the stay of discovery"); *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, 2018 WL 4963245, at *5 (S.D. Fla. Sept. 28, 2018) (denying motion to compel with respect to requests related to discovery that was stayed).

## II.  THE CROSS-MOTION TO COMPEL SHOULD BE DENIED BECAUSE WSC FAILED TO COMPLY WITH FED. R. CIV. P. 37 AND LOCAL RULE 37.1

Both the Federal Rules of Civil Procedure and the Local Rules require that the parties in good faith meet and confer or attempt to—which, WSC has failed to do. Under Federal Rule of Civil Procedure 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling…discovery. *The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action*." Fed. R. Civ. P. 37(a)(1); *see Avera v. United*

5

*Airlines, Inc.*, 465 F. App'x 855, 859 (11th Cir. 2012) (finding that a magistrate judge did not abuse his discretion in denying without prejudice a motion to compel where the plaintiff "had not sought to resolve his discovery dispute with [defendant] before filing his motion."). Similarly, under Local Rule 37.1, "[a] motion to compel…a response to discovery conducted pursuant to Federal Rules of Civil Procedure shall . . . [i]nclude the certification of counsel with regard to the duty to confer required by" Fed. R. Civ. P. 37. *See also Rolex Watch U.S.A., Inc. v. Capetown Diamond Corp.*, 2009 WL 10669248, at *1 (N.D. Ga. Mar. 30, 2009) (quoting Local Rule 37.1 and Fed R. Civ. P. 37 and holding that "before a party seeks the assistance of the court in resolving discovery issues, the party must first in good faith confer or attempt to confer with the party from whom discovery is sought.").

As this Court recognized in *Graco Children's Prods. Inc. v. Kids II, Inc.*, "[t]he meet-and-confer requirement [for a motion to compel] requires a genuine, good-faith, face-to-face, or at least telephone-to-telephone, conversation among counsel in an effort to avoid these kinds of lengthy, time-consuming, expensive discovery disputes." 2015 WL 11255027, at *1 (N.D. Ga. Feb. 13, 2015); *see also Rolex Watch U.S.A.,* 2009 WL 10669248, at *1 ("a good faith attempt to confer with a party or person not making a disclosure or not producing discovery requires allowing sufficient time for an exchange of written communications setting forth the

parties' respective positions and a follow-up telephone conference or in-person meeting during which the parties seek to resolve their differences."); *Maden v. Cleland*, 105 F.R.D. 520, 526 (N.D. Ga. 1985) ("*Before* filing a motion to compel discovery, attorneys have a duty to confer with the opposing attorneys in a good faith effort to resolve the discovery dispute.") (emphasis added).

WSC has not "*in good faith conferred or attempted to confer*" (Fed. R. Civ. P. 37 (emphasis added) with Respondents. WSC has merely contended that counsel to Respondents "declined to meet and confer substantively regarding the discovery requests." Cross-Motion to Compel at 1; ECF No. 28-1 at 16 (claiming that "Hanwha declined to engage in any substantive discussion about satisfying Water Street's document requests or scheduling depositions"), 42 (lacking any certification); *see also* Salant Decl. (ECF No. 27-1) ¶ 5 (stating that after being asked if they "wished to discuss the substance of Water Street's discovery requests" counsel for "Hanwha demurred"). But, contrary to WSC's contention, Respondents have not declined to meet and confer substantively regarding the specific discovery requests. The parties have only had one meet and confer on July 8, 2025 (at Respondents' request). 2d Bento Decl. ¶ 5. During this meet and confer, there was no discussion of specific discovery requests and all Subpoenas had not yet even been officially served. 2d Bento Decl. ¶¶ 5-6. Noting that it would be "nice" to talk about discovery "as soon as possible" does not evidence a good faith effort to meet and confer regarding the

7

Subpoenas. Salant Decl. ¶ 5. Likewise, Respondents have not refused to meet and confer regarding WSC's discovery requests. At the time of the July 8, 2025 meet and confer, Quinn Emanuel had just been engaged by Respondents and informed WSC's counsel that it was still getting up to speed but that for purposes of the proposed briefing schedule WSC should assume that the Respondents would be moving to quash the subpoenas. 2d Bento Decl. ¶¶ 5-6. Thereafter, WSC made no effort to meet and confer regarding the Subpoenas prior to filing the instant Cross-Motion to Compel. *See* Opp. at 36-37 (WSC, for the first time, stating it "is willing to confer on appropriate limitations."). Lacking any showing of a good faith attempt to meet and confer and any certification thereto—a condition precedent to filing, the Cross-Motion to Compel should be denied. *Holland v. Bynum & Sons Plumbing, Inc. a Georgia Profit Corp., et al.*, 2012 WL 12835871, at *1 (N.D. Ga. Oct. 30, 2012) ("Defendant's failure to meet and confer and file a certification to that effect justifies denial of his motion to compel."); *see also Rolex Watch U.S.A.*, 2009 WL 10669248, at *2 (finding that the "defendants did not in good faith attempt to confer prior to filing the Motion to Compel" where the defendants filed a certificate of good faith conference and sent an 8-page letter requesting a response in two business days when the motion to compel was due as there was not sufficient time for the respondent to respond and for the parties to confer regarding any disagreements); *Hepstall v. Humana Health Plan, Inc.*, 2018 WL 6588552, at *1 (S.D. Ala. Dec. 6,

2018) (describing what it means to meet and confer and listing cases and finding that "[a]lthough Defendant described attempts to confer with Plaintiff…and filed a certification stating that counsel for Defendant had participated in conferences on five dates, the vagueness of the descriptions as to how these conferences took place prevents the Court from determining whether its meet and confer requirement has been met.").[2]

### III.   THE CROSS-MOTION TO COMPEL SHOULD BE DENIED BECAUSE WSC HAS NOT SHOWED ANY URGENT NEED

Finally, even assuming *arguendo* that WSC's Cross-Motion to Compel complies with Federal Rule of Civil Procedure 37, Local Rule of Civil Procedure 37.1, and this Court's July 15, 2025 Order, the Court should still deny WSC's Cross-Motion to Compel because it requests that the Court order Respondents to produce certain documents "within 48 hours of the public docketing of this order" without a sufficient basis to justify the urgency of its request. ECF No. 28-2 at 1. WSC purports to justify its urgent need by arguing Respondents "risk running out the clock while Anchor attempts to push through another lowball tender offer," ECF No. 28-1 at 42. WSC led the court in the Washington 1782 Proceeding to expedite consideration of its § 1782 application under the pretext of the pending close of the tender offer then set for June 24, 2025, and later extended; it did not, however, proceed to commence

---

[2]   WSC's Cross-Motion to Compel also fails to satisfy the various form requirements for motions to compel under Local Rule 37.1(A).

9

its contemplated Norwegian Proceeding and seek preliminary injunctive relief to enjoin the voluntary tender offer on July 8, 2025. *See* ECF No. 24-1 at 18. Considering WSC's pattern of manufacturing urgency to obtain relief, WSC's request that the Court also order Respondents to produce documents "within 48 hours of the public docketing of this order" is just another attempt to create urgency where there is none.

Moreover, WSC's requested urgent relief would short circuit any effort to adequately meet and confer with Respondents to clarify the scope of WSC's discovery requests. Specifically, WSC requests "(a) Hanwha [Qcells'] agreement to purchase polysilicon from OCI; (b) documents sufficient to show all Hanwha employees who were physically present at REC Silicon ASA's Moses Lake facility during the at-issue period; and (c) documents sufficient to show all Hanwha employees who communicated with REC Silicon ASA's Moses Lake facility during the at-issue period."[3] ECF No. 28-1 at 42; Cross-Motion to Compel Proposed Order (ECF No. 28-2). As discussed *supra* § II, Respondents have not "refus[ed] to cooperate," *In Re Pons*, 2020 WL 5355967, at *11, and the parties should have an opportunity to discuss such requests in the event the Court denies Respondents'

---

[3] Notably, in the Washington Proceeding the Court already ordered REC Silicon to produce by July 2, 2025 "the identities and roles of Hanwha personnel working at the Moses Lake Facilities from June 1, 2024 through the present." Washington Proceeding June 27, 2025 Order (ECF No. 4-12) at 5.

Motion to Vacate and Quash and lifts the stay of the proceeding.[4] Simply put, a Court order is not "needed to keep subpoena compliance"—which is in abeyance—on track. ECF No. 28-1 at 42.

## CONCLUSION

Respondents respectfully request that the Court deny WSC's Cross-Motion to Compel. Respondents reserve the right to seek reasonable expenses caused by WSC's unnecessary and wasteful Cross-Motion to Compel. *See* Fed. R. Civ. P. 37(b)(2)(C).

---

[4] Considering Respondents contend WSC's 1782 Application does not satisfy 1782's statutory requirements and otherwise warrants denial for reasons unrelated to the scope of each particular discovery request, *see* ECF Nos. 24-1 & 29, the Court should, in accordance with case law cited in WSC's own briefing, *see* Opp. at 26, order the parties to meet and confer about the scope of WSC's discovery requests only in the event the Court denies Respondents' Motion to Vacate and Quash. *Id.* (citing *In re Pidwell*, 2022 WL 192987 (S.D.N.Y. Jan. 21, 2022) (granting § 1782 discovery but "direct[ing] the parties to meet and confer about the requests consistent with the requirements of the Federal Rules of Civil Procedure").

Dated: August 29, 2025

/s/ Debra D. Bernstein

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Debra D. Bernstein
Georgia Bar No. 054998
debrabernstein@quinnemanuel.com
Jesse Hevia
Georgia Bar No. 899208
jessehevia@quinnemanuel.com
1200 Abernathy Road, Suite 1500, Building 600
Atlanta, Georgia 30328-5670
(404) 482-3502

Lucas Bento
(*pro hac vice*)
lucasbento@quinnemanuel.com
295 5th Avenue, 9th Floor New York, New York 10016
(212) 849-7000

Kristin T. Casey
(*pro hac vice*)
kristincasey@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000

Gavin Frisch
(*pro hac vice*)
gavinfrisch@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

*Attorneys for Respondents*

12

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

Pursuant to Local Rule 7.1(D), the undersigned certifies that the foregoing filing has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2025, the foregoing Memorandum of Law in Opposition to Water Street Capital Inc.'s Cross-Motion to Compel was electronically filed using the Court's CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

Dated: August 29, 2025

/s/ Debra D. Bernstein

14