# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| *In re* Application for Discovery Pursuant to 28 U.S.C. § 1782 | Case No. 1:25-cv-04695-TWT-RDC |

# APPLICANT WATER STREET CAPITAL, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS CROSS-MOTION TO COMPEL DISCOVERY

## I.    ARGUMENT

There was no need for Hanwha to burden the Court and the parties with another legal brief after its motion to vacate and quash was already fully submitted. Water Street's cross-motion, advanced in one paragraph at the end of its opposition to Hanwha's motion, made the modest request that Hanwha be required to quickly produce a small amount of readily accessible information and meet and confer on the balance of Water Street's discovery requests. ECF No. 28-1 at 35.

Far from a dilatory tactic, Water Street's cross-motion is an attempt to break through delay and get the discovery processes started. It asks for little more than what Water Street would obtain anyway if the Court denied Hanwha's motion.

Having met and conferred with Hanwha, Water Street was concerned that Hanwha would draw out the discovery process in light of fast-moving developments in Norway. During the parties' July 8 conference, Water Street offered to discuss the substance of its discovery requests, but Hanwha only wished to discuss the scheduling of its motion and would not address scope and timing on any of the discovery requests. ECF No. 27-1 ¶ 5. Hanwha has yet to fully take over REC Silicon, and Water Street continues to hold live claims under Norwegian law. *See* ECF No. 28-1 at 2–3; 2d Kinander Decl. ¶ 23. Water Street is trying to get the discovery it needs quickly and efficiently, and without the necessity of further Court intervention.

-1-

Water Street thus respectfully reasserts its cross-motion that Hanwha be ordered to produce the terms of its agreement to purchase polysilicon from OCI and the identities of Hanwha employees who were physically present at or communicated with REC Silicon's Moses Lake facility, and to meet and confer with Water Street within two days of any Court ruling denying Hanwha's motion to quash.

## II.    CONCLUSION

The Court should deny Hanwha's motion to vacate and quash in full and grant Water Street's cross-motion to compel.

2

Dated:  September 4, 2025          Respectfully submitted,


/s/ *Reed Brodsky*

GIBSON, DUNN & CRUTCHER LLP
Reed Brodsky (admitted *pro hac vice*)
David Salant (admitted *pro hac vice*)
Vanessa Ajagu (admitted *pro hac vice*)
Maxwell Peck (admitted *pro hac vice*)
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000
Facsimile:  212.351.4035
Email:  rbrodsky@gibsondunn.com
Email:  dsalant@gibsondunn.com
Email: vajagu@gibsondunn.com
Email: mpeck@gibsondunn.com


/s/ *Steven M. Kushner*

FELLOWS LaBRIOLA LLP
Steven M. Kushner
233 Peachtree Street NE
Suite 2400
Atlanta, GA 30303
Telephone: 404.586.9200
Email: skushner@fellab.com


*Attorneys for Applicant Water Street
Capital, Inc.*

3

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned hereby that the foregoing filing is prepared in Times New Roman, 14-point font, in accordance with Local Rule 5.1C of the United District Court for the Northern District of Georgia.

4

Dated:  September 4, 2025

Respectfully submitted,


*/s/ Reed Brodsky*

GIBSON, DUNN & CRUTCHER LLP
Reed Brodsky (admitted *pro hac vice*)
David Salant (admitted *pro hac vice*)
Vanessa Ajagu (admitted *pro hac vice*)
Maxwell Peck (admitted *pro hac vice*)
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000
Facsimile:  212.351.4035
Email:  rbrodsky@gibsondunn.com
Email:  dsalant@gibsondunn.com
Email: vajagu@gibsondunn.com
Email: mpeck@gibsondunn.com


*/s/ Steven M. Kushner*

FELLOWS LaBRIOLA LLP
Steven M. Kushner
233 Peachtree Street NE
Suite 2400
Atlanta, GA 30303
Telephone: 404.586.9200
Email: skushner@fellab.com


*Attorneys for Applicant Water Street Capital, Inc.*